IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jane Doe, | : |
| Plaintiff, | : |
| v. | : No. 2:23-cv-02960-MSG |
| St. Joseph's University, | : |
| Defendant. | : |

## ORDER

AND NOW, this ___ day of _____, 2023, upon consideration of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 (doc. 2), the Memorandum of Law of Defendant, Saint Joseph's University, in Opposition to Plaintiff's Motion, and the evidence presented at the hearing before this Court on August 10, 2023, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

_____
The Hon. Mitchell S. Goldberg

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Jane Doe, | : |
| Plaintiff, | : |
| v. | : No. 2:23-cv-02960-MSG |
| St. Joseph's University, | : |
| Defendant. | : |

**MEMORANDUM OF LAW OF DEFENDANT, SAINT JOSEPH'S UNIVERSITY,
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

Plaintiff is not entitled to the extraordinary remedy of a preliminary injunction because she cannot prove either a reasonable probability of success on the merits or a probability of immediate irreparable injury. Both of these critical factors are required. Rather, Defendant, Saint Joseph's University (the "University"), will demonstrate at the hearing before the Court on August 10, 2023 that Plaintiff's ADA and Rehabilitation Act claims fail because she failed to engage in, or complete, the interactive process in good faith, as she is required to do. In addition, the alleged harm Plaintiff claims to suffer – which is speculative and monetary in nature – is not considered irreparable harm as a matter of law.

I.  **<u>Legal Standard</u>**

A temporary restraining order is an "extraordinary form of relief, designed to temporarily maintain the status quo (generally for 14 days, and on rare occasions for longer) while the parties prepare to litigate the issues on a motion for a preliminary

injunction." Citibank N.A. v. Kyle, No. 15-3298, 2015 U.S. Dist. LEXIS 77504, *6 (E.D. Pa. June 16, 2015), quoting Pileggi v. Aichele, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012).  A preliminary injunction, too, is an "extraordinary remedy" and "should be granted only in limited circumstances."  Id., quoting Kos Pharms., Inc. v. Andrix Corp., 369 F.3d 700, 708 (3d Cir. 2004).

To obtain a preliminary injunction, the moving party must prove the "two most critical factors: (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured… if relief is not granted."  Doe v. Univ. of the Scis., No. 19-358, 2020 U.S. Dist. LEXIS 158684, *4 (E.D. Pa. Sep. 1, 2020) (J. Sánchez), citing Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017).  Only if the moving party proves both of these "gateway factors" will the Court consider two additional factors: "(3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest."  Id., at **4-5.  To prove probable success on the merits, a plaintiff must make a showing "significantly better than negligible."  Reilly, 858 F.3d at 179.  To prove immediate irreparable harm, Plaintiff must demonstrate more than a risk of irreparable harm or speculative harm; she must make a "clear showing of immediate irreparable harm" in the absence of a preliminary injunction.  Continental Grp., Inc v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980); Univ. of the Scis., 2020 U.S. Dist. LEXIS 158684, at *8.

II. **Plaintiff is Not Entitled to the Extrardinary Remedy of a Preliminary Injunction When She Cannot Prove a Reasonable Probability of Success on the Merits or Make a Clear Showing of Immediate Irreparable Harm.**

Here, Plaintiff cannot show a reasonable probability of eventual success on the merits.  Plaintiff's claims under the ADA and the Rehabilitation Act both fail because

Plaintiff failed to engage in, or complete, the interactive process in good faith, as is required of her. Under long-standing Pennsylvania law and ADA regulations, a request for a reasonable accommodation requires an interactive process that involves both the defendant and the plaintiff with an alleged disability. <u>Taylor v. Phoenixville Sch. Dist.</u>, 184 F.3d 296, 311 (3d Cir. 1999) (<u>citing</u> 29 C.F.R. Pt. 1630, App. § 1630.9 at 359). While Plaintiff may have initially reached out to the University's Students with Disabilities Services Office ("SDS"), she never completed that process. Similarly, while she may have initially contacted the University's Counseling and Psychological Services program ("CAPS") for assistance, she failed to follow through with that process as well. Specifically, she "no-showed" for 8 out of 19 appointments scheduled over the course of seven months.

Meanwhile, Plaintiff was a devoted member of the University's dance team, despite struggling academically. Her semester and cumulative grades were as follows:

| Term | Semester GPA | Cumulative GPA |
|---|---|---|
| Fall 2021 | 0.76 | 0.76 |
| Spring 2022 | 1.65 | 1.27 |
| Fall 2022 | 0.60 | 1.01 |
| Spring 2023 | 0.80 | 0.94 |

As a result of her academic performance, Plaintiff was given a warning after her first semester and placed on academic probation for two semesters after that. At the end of what should have been her sophomore year, the University suspended Plaintiff for a one-year period of time so that she could get her grades up and then return to the

3

University to take advantage of the Academic Forgiveness policy. Plaintiff's suspension was not in violation of the ADA or the Rehabilitation Act.

In addition to failing to prove a probability of success on the merits, Plaintiff is unable to prove immediate irreparable harm. The law in this Circuit is clear that:

(a) a delay in education does not constitute irreparable harm because it can be adequately compensated with money damages, Univ. of the Scis., 2020 U.S. Dist. LEXIS 158684, at **10-11 (citing Mahmood v. Nat'l Bd. of Med. Examiners, No. 12-1544, 2012 U.S. Dist. LEXIS 86837, 2012 WL 2368462, at *5 (E.D. Pa. June 21, 2012) ("[D]elays in . . . education services do not constitute irreparable harm")); Doe v. Princeton Univ., No. 20-4352, 2020 U.S. Dist. LEXIS 76827, 2020 WL 2097991, at *7 (D.N.J. May 1, 2020) ("If Plaintiff prevails on the merits of his underlying claims and is reinstated . . . he will have suffered a delay in his education, . . . which can be remedied through monetary compensation."); Howe v. Pa. State Univ. - Harrisburg, No. 16-102, 2016 U.S. Dist. LEXIS 11981, 2016 WL 393717, at *6 (M.D. Pa. Feb. 2, 2016) appeal dismissed, No. 16-1258 (3d Cir. Mar. 29, 2016) ("[T]he court finds that even if the plaintiff would experience a delay as a result of his suspension this would not constitute irreparable harm.");

(b) harm is not irreparable where the claimed injury is solely a monetary loss, B.P.C. v. Temple Univ., No. 13-cv-7595, 2014 U.S. Dist. LEXIS 130410, *14 (E.D. Pa. Aug. 27, 2014), citing Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 802 (3d Cir. 1989);

(c) speculative harm is not considered irreparable harm, Adams v. Freedom Forge Corp., 204 F.3d 475, 485 (3d Cir. 2000) ("the risk of irreparable harm must not be speculative"), cited in B.P.C., 2014 U.S. Dist. LEXIS 130410, at *12; and

(d) Plaintiff's inability to participate in her extracurricular activity of choice does not constitute irreparable harm, Doe v. Haverford College, No. 23-2999, 2023 U.S. Dist. LEXIS 25429, *18 (E.D. Pa. Feb. 14, 2023) (J. McHugh) (holding that the denial of a student's athletic opportunity did not constitute irreparable harm, even when that student was a senior and therefore his "opportunity to compete for [the university] will be irretrievably lost," because plaintiff could not point to any "future consequences flowing from his ineligibility, such as loss of future opportunities as an athlete…"); Dziewa v. Pa. Interscholastic Ath. Ass'n, No. 08-5792, 2009 U.S. Dist. LEXIS 3062, *17 (E.D. Pa. Jan. 16, 2009) ("This Court, as well as all other federal courts, have previously and consistently held that ineligibility for participation in interscholastic athletic competitions alone does not constitute irreparable harm."); Cruz v. Pennsylvania Interscholastic Ath. Ass'n Inc., No. 00-5594, 2000 U.S. Dist. LEXIS 17521, 2000 WL 1781933, *1 (E.D. Pa. Nov. 20, 2000) (no irreparable harm where student was "limited in his participation in high school athletics rather than barred from it entirely"); A.M. v. Pa. Interscholastic Ath. Ass'n, No. 1:20-cv-290-SPB, 2020 U.S. Dist. LEXIS 182145, **11-12 (W.D. Pa. Oct. 1, 2020) (denying injunctive relief and holding that the loss of opportunity to compete in post-season championship tournament, "while no doubt

5

immensely disappointing to the Plaintiffs, does not constitute the type of harm that is deemed 'irreparable' for purposes of obtaining the extraordinary remedy of injunctive relief."); Revesz ex rel. Revesz v. Pennsylvania Interscholastic Athletic Ass'n, Inc., 798 A.2d 830, 836 (Pa. Commw. Ct. 2002) ("The fact that a student is determined ineligible to play interscholastic sports for one year does not necessarily translate into a loss of opportunity to attain college scholarships.") (citing Adamek v. Pennsylvania Interscholastic Athletic Association, 426 A.2d 1206 (Pa. Commw. Ct. 1981)).

Plaintiff's Motion for a Preliminary Injunction should be denied. Allowing a student to return to campus merely to be able to compete in her dance program does not uphold the educational tenets of the University. As this Court held in Rawlin v. Am. Bd. of Pediatrics, 985 F. Supp. 2d 636, 654 (E.D. Pa. 2013): "In general, courts will defer to the academic decisions of educational institutions" especially involving "academic standards." (citing Doe v. Haverford School, No. 03-3989, 2003 U.S. Dist. LEXIS 15473, *6 (E.D. Pa. Aug. 6, 2003)); see also Habte v. George Wash. Univ., No. 05-0962, 2005 U.S. Dist. LEXIS 10148, *4 (D.D.C. May 19, 2005) ("allowing [plaintiff] to receive a degree when he has not met the requirements to do so would cause harm to the university and the other students who have met their requirements.")

## III.     CONCLUSION

For the foregoing reasons and the reasons addressed at the hearing on August 10, 2023, Defendant, Saint Joseph's University, respectfully requests that this Court deny Plaintiff's Motion for a Preliminary Injunction.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date: August 10, 2023

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire
(Atty ID No. 91639)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
Attorneys for Defendant,
Saint Joseph's University

## **CERTIFICATE OF SERVICE**

I, Leslie Miller Greenspan, Esquire, certify that on this date, I caused a copy of the foregoing document to be electronically filed through the Court's ECF System and that a notice of electronic filing will be generated to the following counsel of record, thereby constituting service of the document:

Brian J. McCormick, Jr.
Ross Feller Casey, LLP
One Liberty Place
1650 Market Street, 34th Floor
Philadelphia, PA 19103
Attorneys for Plaintiff, Jane Doe

**TUCKER LAW GROUP, LLC**

Date:  August 10, 2023            /s/ Leslie Miller Greenspan
                                  Leslie Miller Greenspan, Esquire